UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICTOR MENENDEZ, <br><br> Plaintiff, <br><br> vs. <br><br> HUNTER DOUGLAS, INC.; UNITED STATES PATENT AND TRADEMARK OFFICE; and DREW HIRSHFELD, Commissioner for Patents of United States Patent and Trademark Office, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Case No. 4:21-cv-00451 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND FEDERAL MANDAMUS**

Plaintiff, VICTOR MENENDEZ (the "Plaintiff"), respectfully alleges as follows in support of this Complaint for declaratory judgment, temporary restraining order, preliminary and permanent injunction, and federal mandamus against defendants HUNTER DOUGLAS, INC. ("Hunter Douglas"), UNITED STATES PATENT AND TRADEMARK OFFICE ("USPTO"), and DREW HIRSHFELD, in his capacity as Commissioner for Patents of United States Patent and Trademark Office (the "Commissioner) (collectively "Defendants"):

1

# I.
# INTRODUCTION

1. This Complaint seeks declaratory relief, injunctive relief, and mandamus against Defendants to prevent defendant Hunter Douglas from obtaining a patent on a product invented by Plaintiff. Hunter Douglas' patent application is based upon a fraudulent assignment of Plaintiff's rights as the inventor. Though the assignment purports to contain Plaintiff's signature, the signature is a forgery and Hunter Douglas' application is a fraud perpetrated on the Plaintiff and the United States of America.

# II.
# THE PARTIES

2. Plaintiff is an individual citizen of the State of Texas and resides in the City of Carrollton, County of Denton, State of Texas.

3. Defendant Hunter Douglas is a foreign corporation, incorporated under the laws of the Netherlands with a principal place of business in the city of Rotterdam, the Netherlands. Hunter Douglas is a multi-national company which does business throughout the United States, including in this District. The business Hunter Douglas conducts in this District is systematic and continuous. Hunter Douglas' principal place of business in the United States is located in the State of New York.

4. Defendant USPTO is an agency of the United States of America. The USPTO resides in the District of Columbia and/or the city of Alexandria, State of Virginia.

5. Defendant Drew Hirshfeld is the commissioner of patents for the USPTO, and an officer or employee of an agency of the United States. The Commissioner is sued only in his official capacity in the nature of mandamus to compel him to perform a duty owed to Plaintiff.

## III.
## JURISDICTION AND VENUE

6. Subject matter jurisdiction over the claims against the Commissioner and the USPTO arises out of 28 U.S.C. § 1361, as this is an action to compel an officer or employee of the United States or an agency thereof to perform an official duty.

7. Venue for the claims against the Commissioner and the USPTO is based on the provisions of 28 U.S.C. § 1391(e)(1)(C). Venue is proper in this judicial district since Plaintiff resides in this judicial district.

8. Subject matter jurisdiction over the claims against Hunter Douglas arises out of diversity of citizenship as set forth in 28 U.S.C. § 1332. Diversity is present because Plaintiff is a citizen of the State of Texas, and Hunter Douglas is a citizen of the Netherlands and the State of New York. The amount in controversy with respect to the patent rights affected by the fraudulent assignment far exceeds $75,000.

9. Venue for the claims against Hunter Douglas is based on the provisions of 28 U.S.C. § 1391(e)(1)(C) which allows for the joinder of additional parties in a federal mandamus case. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events and/or omissions giving rise

to Plaintiff's claims occurred in this judicial district and Hunter Douglas is subject to personal jurisdiction by the court in this district.

## IV.
## BACKGROUND ALLEGATIONS

**A.     The Relationship Between Plaintiff and Hunter Douglas**

10.     For at least twenty-five years, Plaintiff has been involved in the indoor/outdoor blinds, indoor/outdoor lighting, and related accessories industry. Indeed, from 2004 to 2017, Plaintiff owned his own company that manufactured, marketed, and sold such products. As explained earlier, Hunter Douglas is a multi-national company engaged in the same industry.

11.     In or around the fall of 2013, Plaintiff invented a product called: Hem Bar for Use with Architectural Structure Covering (the "Hem Bar"). Essentially, a hem bar is the bottom edge of a roller shade or other type of outdoor/indoor covering. Plaintiff's Hem Bar includes a weather strip and access for weight bearing instruments; both maintain the stability and utility of the shades—especially in inclement weather.

12.     In or about February of 2017, Plaintiff sold certain assets of his company to a subsidiary of Hunter Douglas. At the same time, Plaintiff also became an employee of that Hunter Douglas subsidiary. The asset purchase agreement made no mention of the Hem Bar invention and under the employment agreement, Plaintiff retained ownership of all inventions prior to employment at the Hunter Douglas subsidiary.

13.     Whether the right to patent the Hem Bar invented by Plaintiff belongs to

Plaintiff or Hunter Douglas is a dispute to be determined by the Court. In this regard, Plaintiff alleges that Hunter Douglas has no right to obtain a patent for the Hem Bar; only the Plaintiff has such a right.

**B.     The Fraudulent Patent Application**

14.     On April 10, 2019, Hunter Douglas filed an application for a patent of the Hem Bar invented by Plaintiff with the USPTO, bearing application number 16/380006.

15.     The Hunter Douglas Patent Application states that Plaintiff invented the Hem Bar but assigned the patent rights to Hunter Douglas.

16.     The Hunter Douglas Patent Application is a fraud upon the USPTO and upon Plaintiff. Specifically, the Patent Application is a fraud because Plaintiff's purported signature on the assignment of patent rights documentation is a forgery. Attached hereto as **Exhibit 1** is a true and correct copy of the opinion of Plaintiff's retained handwriting expert that the purported signature of Plaintiff on the patent assignment document is a forgery.

17.     Hunter Douglas now threatens to process the fraudulent patent application to issuance of a patent for the Hem Bar invented by Plaintiff and without Plaintiff ever assigning his rights.

18.     The USPTO now threatens to issue a patent based upon the fraudulent patent application submitted by Hunter Douglas in violation of Plaintiff's rights as inventor.

///

## V.
## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT HUNTER DOUGLAS FOR DECLARATORY RELIEF

19. Plaintiff realleges paragraphs 1 through 18 of this Complaint as if fully set forth below.

20. Plaintiff is the sole inventor and owner of the right to patent the Hem Bar and has never assigned his patent rights to anyone.

21. By submitting a fraudulent patent application based upon an assignment with Plaintiff's forged signature, Hunter Douglas has committed a fraud upon Plaintiff, stolen Plaintiff's identity, committed a fraud upon the USPTO, and threatens to convert and steal Plaintiff's right to patent the Hem Bar. On the other hand, Hunter Douglas contends that Plaintiff's signature on the assignment of patent rights is genuine.

22. Plaintiff's allegations in this Complaint give rise to an actual, present, and justiciable controversy between Plaintiff and Hunter Douglas concerning Plaintiff's right to patent the Hem Bar and lack of assignment thereof.

23. Accordingly, Plaintiff requests that the Court issue a declaratory judgment that Plaintiff's purported assignment of his right to patent the Hem Bar to Hunter Douglas is a forgery.

## VI.
## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT HUNTER DOUGLAS FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION

24. Plaintiff realleges paragraphs 1 through 18, and 20 through 23 of this

Complaint as if fully set forth below.

25. Plaintiff is the sole owner of the right to patent the Hem Bar because Plaintiff is the sole inventor of this particular Hem Bar, and Plaintiff has taken all reasonable steps to keep this particular Hem Bar novel and secret, and Plaintiff has not assigned the patent rights to any person or entity. In addition, this particular Hem Bar satisfies the remaining conditions for patentability. This particular Hem Bar is a new product or process that is not publicly known, the Hem Bar is not obvious to a skilled person, the Hem Bar has a specific, unique, and credible use and has not been used previously.

26. By submitting a fraudulent patent application based upon an assignment with Plaintiff's forged signature, Hunter Douglas has committed a fraud upon Plaintiff, stolen Plaintiff's identity, committed a fraud upon the USPTO, and threatens to convert and steal Plaintiff's right to patent the Hem Bar.

27. Plaintiff will suffer irreparable harm if Hunter Douglas processes the fraudulent Hem Bar application to completion, and Plaintiff's remedies at law are inadequate as a remedy because Plaintiff's invention and patent rights are unique and monetary damages are insufficient to right the wrong created by the fraudulent patent application.

28. Accordingly, Plaintiff requests that the Court issue a temporary restraining order and preliminary injunction and permanent injunction restricting Hunter Douglas from further processing the fraudulent patent application and issuing a permanent

injunction after that to the same effect.

## VII.
## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS USPTO AND ITS COMMISSIONER FOR MANDAMUS

29. Plaintiff realleges all of the allegations in paragraphs 1 through 18, 20 through 23, and 25 through 28 of this Complaint as if fully set forth below.

30. Without Court intervention, the USPTO and its Commissioner threaten to issue a patent for the Hem Bar to Hunter Douglas based upon Hunter Douglas' fraudulent patent application.

31. The USPTO and its Commissioner owe a duty to Plaintiff as inventor not to issue a patent to Hunter Douglas for the Hem Bar because the patent application is fraudulent. Plaintiff is the sole inventor of the Hem Bar and has never assigned his patent rights to anyone.

32. Should the USPTO and its Commissioner issue the Hem Bar's patent to Hunter Douglas, Plaintiff will suffer irreparable harm and Plaintiff's remedies at law are inadequate. The patent of the Hem Bar is a unique right covering Plaintiff's invention, and issuing a patent to Hunter Douglas will destroy market identity as Plaintiff's invention and lead to additional infringement litigation. Moreover, Hunter Douglas by filing the fraudulent application has destroyed the secrecy of Plaintiff's invention which can never be reversed in a suit for monetary damages.

33. Accordingly, Plaintiff requests that the Court issue a writ of mandamus ordering the USPTO and its Commissioner to cease processing of the Hunter Douglas

fraudulent patent application and to substitute Plaintiff as the patent applicant, and once Plaintiff is so substituted continue to process the application as amended.

## PRAYER FOR RELIEF

Accordingly, Plaintiff prays for equitable relief as follows:

A. On the First Claim for Relief against Hunter Douglas, for declaratory judgment that Plaintiff's purported assignment of his right to patent the Hem Bar to Hunter Douglas is fraudulent and void *ab initio*, and that Plaintiff alone has the right to patent the Hem Bar;

B. On the Second Claim for Relief against Hunter Douglas, for temporary restraining order, and preliminary and permanent injunction restricting Hunter Douglas from taking any steps to process the fraudulent patent application of the Hem Bar to completion;

C. On the Third Claim for Relief against the USPTO and the Commissioner, for mandamus ordering the USPTO and the Commissioner cease processing of the fraudulent patent application, and to substitute Plaintiff as the applicant and to resume processing of the application after such amendment; and

///

///

///

D.  On all Claims against all Defendants, for such other equitable relief as the Court deems just and proper.

DATED:  June 15, 2021

Respectfully submitted,

KHOURI LAW FIRM

By:  */s/ Michael J. Khouri*
MICHAEL J. KHOURI
Texas Bar No. 24073809
California Bar No. 97654
8150 N. Central Expressway, 10th Floor
Dallas, Texas 75206
Phone: (949) 336-2433
Facsimile: (949) 387-0044
Email: mkhouri@khourilaw.com

*Attorneys for Plaintiff*,
VICTOR MENENDEZ